**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MAHVASH AGVALD                          :

                                        :

v.                                      :

                                        :            Civil Action WMN-05-220

UNITED STATES DEPARTMENT OF             :
DEFENSE <u>et al.</u>

                                        :

**<u>MEMORANDUM</u>**

This action was originally filed on December 23, 2004, in

the Circuit Court for Howard County as a Petition for Writ of

Mandamus/Verified Complaint.  In that Petition, Plaintiff

alleged that on December 31, 2004, she was going to be

terminated from her position as a language instructor at the

Defense Language Institute (DLI), without cause or opportunity

to challenge that decision.  She asserted that Defendants

determined to terminate her on account of her request to take

off time to be with her son following the sudden death of her

husband.  Plaintiff named as defendants: the United States

Department of Defense (DOD); Thomas Perry, the Vice-Chancellor

of the DLI; and Maria Rosa-Ramirez, the manager of the

facility at which Plaintiff was employed.  As relief,

Plaintiff sought a Writ of Mandamus instructing the Defendants

to make her a "permanent civilian employee of the [Department

of Defense]" and to provide her with "full Civil Service

hearings and procedures."  Prior to any action on the petition

by the state court, Defendants removed the action to this

Court on January 25, 2005.

Defendants have now filed a Motion to Dismiss or,

Alternatively, for Summary Judgment, Paper No. 8, in which

they argue that this action is barred under the Civil Service

Reform Act (CSRA), the exclusive remedy for federal employees

seeking redress of non-discriminatory personnel actions

connected with their federal employment.  In addition,

Defendants argue that to the extent that this action is an

action against the United States, its agencies, or its agents

in their official capacities, it is barred by the doctrine of

sovereign immunity.  Plaintiff filed an opposition of sorts to

the motion, but the pleading largely ignores the arguments

made in Defendants' motion.  Upon review of the pleadings and

the applicable case law, the Court determines that no hearing

is necessary (Local Rule 105.6) and that Defendants are

entitled to summary judgment on Plaintiff's claim.

As an initial matter, the Court notes that Plaintiff's

arguments are built, in part, on the faulty premise that

Plaintiff was "terminated" from a "permanent" position at DLI.

The record, however, clearly shows that Plaintiff was never

hired as a permanent employee but, instead, was hired in

November of 2003 to a "term position" with a "Not to Exceed"

date of December 31, 2004.  <u>See</u> Decl. of Brigitta Ludgate ¶ 5

and Attach. 1 to Ludgate Decl. (Nov. 10, 2003, "Notification

of Personnel Action").[1]   Thus, it is inaccurate to say that

Plaintiff was ever "terminated:" rather, the government merely

declined to renew her contract when its thirteen-month term

expired.

Plaintiff's counsel offers no response to this

significant discrepancy between Plaintiff's representation and

the factual record, still insisting in the opposition that

Plaintiff was employed as a "permanent contractual employee

since December 2003," Opp. at 1, and that she was "fired" as

of January 1, 2005.  Id. at 3.  Ignoring the record,

Plaintiff's counsel relies instead on what is both a mis-

quotation and mis-citation of a federal regulation,[2] augmented

---

[1] Defendants explain that Plaintiff was hired under a "tenure track" category which is analogous to "term employees" under the traditional federal General Service (GS) system.  The DLI frequently hires its instructors under thirteen-month contracts as this allows the employee to be eligible for various federal benefits but allows the DLI the flexibility of not renewing the contract at expiration if there is no longer a need for the position.  Decl. of Charlene Hogan ¶ 3.

[2] Following a citation to "The United States Code at Title 5, section 315," Plaintiff's counsel inserted into his pleading a page of text discussing policies related to the probationary period for federal civilian employees. Opp. at 4.  Unfortunately, there is no section 315 of Title 5 of the United State Code.  Through the use of a popular internet search engine, the Court was able to discover the source of the inserted text, the U.S. Army's "Civilian Personnel Online" website.  See http://cpol.army.mil/library/ permiss/63100.html.  The webpage, which Plaintiff's counsel simply quoted verbatim and without crediting it as his source, provides the Army's Personnel Management Information and Support System's summary of pertinent portions of the Federal and Army Regulations.  The webpage then references "Title 5, Chapter 315 of the Code of Federal

by an inapposite 1987 decision of the Merit Systems Protection

Board,[3] to advance the argument that because Plaintiff did the

same kind of work as an employee of a contractor for 12 months

prior to becoming a federal employee she "is therefore a

permanent faculty member at DLI with full Merit System

Protection Rights."  Opp. at 5.  The regulation and the case

cited by Plaintiff's counsel, however, simply address how

prior civilian service can be credited when calculating the

time remaining for an employee's probationary period.  Neither

lead to the conclusion implicit in Plaintiff's counsel's

argument that once a term employee has completed 12 months of

employment she automatically becomes a permanent employee.

Not only does Plaintiff's counsel ignore the evidence

presented with Defendants' motion, he also fails to address or

even mention the primary argument advanced by Defendants in

their motion, i.e., that under the holding in United States v.

Fausto, 484 U.S. 439 (1988), Plaintiff's exclusive remedy is

under the CSRA and that, under the CSRA, non-preference

members of the excepted service,[4] such as Plaintiff, do not

---

Regulations (not the codification of federal statutes cited by
Plaintiff's counsel).

    [3] Sullivan v. Dept. of Agriculture, Case No. NY315H8610394, 32
M.S.P.R. 194 (M.S.P.B. Jan. 30 1987).

    [4] For an explanation of the classification of employees under
the CSRA, see Dotson v. Griesa, 398 F.3d 156, 163 (2nd Cir. 2005).
Plaintiff is clearly an excepted service employee and makes no

have a right to judicial review in this Court of employment

decisions of the kind raised here.  See Mann v. Haigh, 120

F.3d 34, 38 (4th Cir. 1997); Davis v. Thompson, 367 F. Supp. 2d

792, 800 (D. Md. 2005).  Plaintiff's counsel makes a half-

hearted and last-ditch effort to bypass the bar of the CSRA by

attempting to recast Plaintiff's claim as one brought under

the Federal Tort Claims Act (FTCA).  See Opp. at 6 ("if Ms.

Agvald has no Merit System Rights as the government proclaims,

she does have a wrongful discharge suit under the Federal Tort

Claims Act . . . .   Wrongful discharge is the essence of

Agvald's case . . . .").  Assuming arguendo that a FTCA claim

would be available to Plaintiff, which is highly doubtful,

Plaintiff has not alleged that she has exhausted her

administrative remedies, as is required under the FTCA prior

to bringing suit.  See McNeil v. United States, 508 U.S. 106,

113 (1993) ("The FTCA bars claimants from bringing suit in

federal court until they have exhausted their administrative

remedies.").

    As the Court must conclude that Plaintiff has no remedy

available to her in this Court, it will grant Defendants'

motion.  A separate order consistent with this memorandum will

issue.

_____

argument that she is preference eligible.

                                     /s/
                        William M. Nickerson
                        Senior United States District Judge

Dated: August 17, 2005